IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re AFFILIATED COMPUTER SERVICES DERIVATIVE LITIGATION § § § § | |
| This Document Relates To: § § ALL ACTIONS. § § § | Master File No. 3:06-cv-1110-O |

**FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 7, 2009 ("Order"), on the application of the parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement dated May 6, 2009 (the "Stipulation"). Due and adequate notice having been given to the Current Affiliated Computer Services, Inc. ("ACS") Shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation and Order, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Order.

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement, and over all parties to the Federal Action, including the Lead Plaintiffs, the Current ACS Shareholders and the Defendants.

3. The Federal Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Lead Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation regarding Plaintiffs' Counsel's attorneys' fees and expenses.

4. The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. Upon the Effective Date, as defined in the Stipulation, ACS and the Lead Plaintiffs (acting on their own behalf and, derivatively, on behalf of ACS) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE – Page 1

discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Federal Action against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, as defined in the Stipulation, ACS shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Lead Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Federal Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. The Court finds that the Notice given to Current ACS Shareholders was the best notice practicable under the circumstances. Said Notice also provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. The Court hereby approves the fee award in the amount of the value of 180,000 shares of ACS common stock as of April 27, 2009, or $8,393,400, in accordance with the Stipulation and finds that such fee is reasonable.

9. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of

the Defendants; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other action or proceeding, whether civil, criminal or administrative.  Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.   The Court is not aware of any conduct of the parties and their respective counsel during the course of this litigation that violates the requirements of Federal Rule of Civil Procedure 11 or other similar laws.

11.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the Federal Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein and the provisions of this Judgment.

12.   This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:  June 19, 2009

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE – Page 3